IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:10-CR-30-BO
NO. 2:13-CV-69-BO

| | |
|---|---|
| MARCEL DURAN BOWE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 38] and the government's motion to dismiss [DE 44]. For the reasons stated herein, respondent's motion is GRANTED and petitioner's motion is DISMISSED.

## BACKGROUND

On August 26, 2010, petitioner was indicted on two counts: conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); and distributing more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Two). [DE 1]. On March 14, 2011, pursuant to a written plea agreement, petitioner pled guilty to Count One of the indictment. [DE 26, 27]. As part of the plea agreement, petitioner expressly agreed to waive "all rights . . . to appeal whatever sentence is imposed," with limited exceptions. [DE 27 at 1].

On June 14, 2011, this Court sentenced petitioner to 180 months' imprisonment and 5 years' supervised release. [DE 32, 33]. Petitioner did not appeal his sentence to the Fourth

Circuit Court of Appeals and his time to do so expired around July 12, 2011. *See* [DE 38] (judgment entered on June 28, 2011).

On December 9, 2013, over two years after his judgment became final, petitioner filed the instant § 2255 motion to reduce his sentence in light of *Simmons* and *Miller*. [DE 38, 38-1]. Specifically petitioner asserts that, in light of *Simmons*, he is no longer a career offender for purposes of the sentencing guidelines. [DE 38-1].

The government contends that Mr. Bowe's motion is untimely, not subject to equitable tolling, not cognizable on collateral review, and procedurally barred by his written plea agreement.

## **DISCUSSION**

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4). Mr. Burton asserts that his motion is timely under § 2255(f)(3) and that equitable tolling should apply.

This Court has earlier held that cases such as this could be deemed timely under §2255(f)(3) finding that the right announced by the Supreme Court in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), is retroactive on collateral review and that equitable tolling could apply if a petition was filed within a short time of the holding in *Simmons*. *See e.g. Mathis v. United States*, 2012 WL 1156438 (E.D.N.C. April 6, 2012). However, the Fourth Circuit has determined that the rule announced in *Carachuri-Rosendo* is procedural and is not retroactively

applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). Accordingly Mr. Burton's motion to vacate is untimely under § 2255(f)(3).

Further, the Fourth Circuit's recent decision in *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) has not changed the law as it applies to petitioner. In *Miller*, the Fourth Circuit held that *Teague*'s bar on the retroactive application of new rules did not apply in Miller's case. *Miller*, 735 F.3d at 146. However, the court in *Miller* also held that *Powell* did not control its outcome because the government waived the statute of limitations as it applied to Miller. *Id.* ("To determine whether the Court had the power to hear the merits of Powell's claim it first had to determine whether Powell could get around the statute-of-limitations problem.") Section 2255(f)(3) provides for a one-year limitation that "shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been . . . made retroactively applicable to cases on collateral review." "Simply put, the Court had to determine whether *Carachuri* was retroactive to decide if the motion filed by Powell was timely." *Miller*, 735 F.3d at 147. Here, like in *Powell*, the government has not waived the statute of limitations under § 2255(f)(3). *Simmons* is not a Supreme Court case. Therefore petitioner's motion is untimely under § 2255(f)(3) and *Miller* has not changed the law in this regard.

Further, equitable tolling does not apply. To disregard the statute of limitations and deem a § 2255 petition timely filed because it followed a favorable circuit court decision would severely undermine the finality of judgments and contravene Congress's efforts to ensure such finality by imposing limitations periods. Additionally, Simmons does not present the type of extraordinary circumstances that the doctrine of equitable tolling contemplates. *See Rouse v. Lee*, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc) (explaining that to be entitled to equitable tolling, an otherwise time-barred prisoner must show "(1) extraordinary circumstances, (2)

3

beyond his control or external to his own conduct, (3) that prevented him from filing on time"). The law constantly changes and therefore it is not unforeseeable that the law in this circuit might change in a favorable manner to petitioner at some point in the future. *Cf. United States v. Johnson*, 410 F.3d 137, 153 (4th Cir. 2005) (holding that "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany[ies] a guilty plea") (citation and quotations omitted). As the Court is unaware of any basis upon which to find the petition timely under the remaining provisions of § 2255(f), the Court must dismiss Mr. Bowe's petition as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

4

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and petitioner's §2255 petition is DISMISSED in its entirety. The Court hereby DENIES petitioner a certificate of appealability.

SO ORDERED.

This the 2 day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE